Maurice VerStandig, Esq.
Nevada Bar No.: 15346
THE VERSTANDIG LAW FIRM, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Telephone: (301)444-4600
Facsimile: (301)444-4600
Email:  mac@mbvesq.com
*Counsel for Mr. Jaffee*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JARED JAFFEE | * |
| | * |
| Plaintiff, | * |
| | * Case No. 2:20-cv-2069 |
| v. | * |
| | * |
| RAUSCH, STURM, ISRAEL, ENERSON & HORNIK LLP d/b/a RAUSCH STURM | * |
| | * |
| | * |
| | * |
| Defendant. | |

### **COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Comes now Jared Jaffee ("Mr. Jaffee" or the "Plaintiff"), by and through undersigned counsel, and as and for his complaint (the "Complaint") against Rausch, Sturm, Israel, Enerson & Hornik LLP d/b/a Rausch Sturm ("RSIEH" or the "Defendant") states as follows:

### **Introduction**

1. This case concerns the Defendant's violations of Section 1692, *et seq.* of Title 15 of the United States Code (the "Fair Debt Collection Practices Act" or the "FDCPA").

2. The Defendant herein acts in the familiarly complimentary roles of both a traditional debt collector and a law firm.



COMPLAINT AND DEMAND FOR TRIAL BY JURY - 1

3. In the course of prosecuting a civil claim against Mr. Jaffee, for collection of a putative credit card debt, the Defendant learned Mr. Jaffee to be represented by counsel in connection with the subject claim; notwithstanding the Defendant knowing Mr. Jaffee to be represented by counsel, the Defendant persisted in sending Mr. Jaffee direct communications on at least two occasions, in contravention of the express mandate of the FDCPA.

4. Mr. Jaffee thusly brings this suit to (i) collect those damages legally due to Mr. Jaffee under the FDCPA; and (ii) endeavor to ensure other members of the Nevada consumer community are not being similarly victimized by the Defendant's aggressive debt collection practices.

**Parties**

5. Mr. Jaffee is a natural person who is a citizen of the State of Nevada by virtue of his ongoing residency therein.

6. The Defendant is a Wisconsin limited liability partnership doing business in the State of Nevada.

**Jurisdiction & Venue**

7. This Honorable Court enjoys jurisdiction over the matter *sub judice* pursuant to the allowances of Section 1331 of Title 28 of the United States Code, as the sole cause of action enumerated herein arises under the laws of the United States.

8. This Honorable Court further enjoys jurisdiction over the matter *sub judice* pursuant to the allowances of Section 1292k(d) of Title 15 of the United States Code, as this is an action to enforce liability under the FDCPA.

9. Venue is properly laid in the Honorable Court pursuant to Section 1391(b) of Title 28 of the United States Code, as a substantial part of the events giving rise to the claims stated

COMPLAINT AND DEMAND FOR TRIAL BY JURY - 2

herein occurred through the Defendant's efforts to collect a putative debt in Clark County, Nevada.

### General Allegations

10. The Defendant generally acts as a debt collector, within the meaning set forth in Section 1692a(6) of Title 15 of the United States Code, as the Defendant (i) routinely uses the mails and other instrumentalities of interstate commerce; (ii) to regularly endeavor to collect debts; (iii) due to other persons.

11. American Express National Bank ("Amex") alleges Mr. Jaffee to be in its debt as and for various charge card or credit card obligations putatively incurred by Mr. Jaffee.

12. On or about September 30, 2020, the Defendant, acting on behalf of Amex, brought suit against Mr. Jaffee, in the Las Vegas Township Justice Court (the "Lawsuit"), in an effort to collect upon Mr. Jaffee's alleged debt to Amex (the "Alleged Debt").

13. Subsequently, on October 20, 2020, Mr. Jaffe, acting through undersigned counsel, caused a motion to dismiss to be filed in the Lawsuit (the "Motion to Dismiss").

14. The Motion to Dismiss is clearly signed by legal counsel, contains the name and contact information of legal counsel on the top of its first and fifth pages, as well as at the foot of its fourth page, and makes express reference to Mr. Jaffee proceeding "by and through undersigned counsel."

15. The Motion to Dismiss was electronically served upon the Defendant at the time of the Motion to Dismiss being docketed, through the Las Vegas Township Justice Court's e-filing system, with notice being given to the Defendant almost instantaneously through such system.

COMPLAINT AND DEMAND FOR TRIAL BY JURY - 3

16.     Six days later, on October 26, 2020, the Defendant nonetheless wrote to Mr. Jaffee "regarding the unpaid balance on the above referenced account," and therein suggested Mr. Jaffee enter into a payment plan that "could help resolve American Express' pending lawsuit against you, and satisfy the balance owed" (the "October 26, 2020 Letter").

17.     The October 26, 2020 Letter was sent to Mr. Jaffee, through the mails, on October 26, 2020.

18.     Subsequently, the Defendant again wrote to Mr. Jaffee, *inter alia*, "We work with a lot of great people who are in difficult situations and understand that this matter might be uncomfortable to discuss, but we want to find a way to resolve it with you" (the "November 3, 2020 Letter").

19.     The November 3, 2020 Letter is dated October 28, 2020 but was sent to Mr. Jaffee, through the mails, on November 3, 2020, as reflected by the postmark upon the correlative envelope.

20.     The November 3, 2020 Letter was thusly mailed to Mr. Jaffee a full two weeks after the Defendant learned of Mr. Jaffee being represented by legal counsel in connection with the Alleged Debt.

**Count I – Violation of the Fair Debt Collection Practices Act**

21.     Mr. Jaffee incorporates and realleges each and every foregoing paragraph of this Complaint as though fully set forth herein.

22.     The Defendant was, at all times relevant, a debt collector within the meaning set forth in Section 1692a(6) of Title 15 of the United States Code and was, further, at all times relevant, acting as a debt collector.

COMPLAINT AND DEMAND FOR TRIAL BY JURY - 4

23. Mr. Jaffee is a consumer within the meaning set forth in Section 1692a(3) as he is a natural person allegedly obligated to pay a debt.

24. The monies the Defendant has endeavored to collect from Mr. Jaffee are a debt within the meaning set forth in Section 1692a(5) of Title 15 of the United States Code, as the Alleged Debt to Amex is comprised of monies expended on personal and household purposes.

25. On October 20, 2020, the Defendant became aware Mr. Jaffee is represented by an attorney in connection his Alleged Debt to Amex, as Mr. Jaffee filed in the Lawsuit – and therein served upon the Defendant – the Motion to Dismiss, clearly indicating Mr. Jaffee to be represented by counsel.

26. Notwithstanding the Defendant knowing Mr. Jaffee to be represented by an attorney, the Defendant continued to communicate directly with Mr. Jaffee, through the sending of the October 26, 2020 Letter and the November 3, 2020 Letter.

27. Neither Mr. Jaffee nor his legal counsel gave the Defendant prior consent for the Defendant to continue to communicate directly with Mr. Jaffee, nor is it believed the permission of any court of competent jurisdiction was obtained by the Defendant.

28. The name and address of Mr. Jaffee's legal counsel were clearly imprinted upon the Motion to Dismiss in three separate locations, including at the very top of the first page.

WHEREFORE, Mr. Jaffee respectfully prays this Honorable Court (i) enter judgment in favor of Mr. Jaffee, and against the Defendant, in the sum of One Thousand Dollars and No Cents ($1,000.00), pursuant to the allowances of Section 1692k(a)(2)(A) of Title 15 of the United States Code; (ii) award Mr. Jaffee the costs of this action, and his reasonable attorneys' fees incurred in connection with this action, pursuant to the allowances of Section 1692k(a)(3) of Title 15 of the United States Code; and (iii) afford such other and further relief as may be just and proper.

**Jury Demand**

Pursuant to, and in accordance with, the allowances of Federal Rule of Civil Procedure 38, Mr. Jaffee prays a trial by jury on all matters so triable.

Respectfully submitted,

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 15346
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Telephone: 301-444-4600
Facsimile: 301-444-4600
Electronic Mail: mac@mbvesq.com
*Counsel for Mr. Jaffee*

COMPLAINT AND DEMAND FOR TRIAL BY JURY - 6